IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EGLES ALBERTO SORIANO MORALES,)
                        )
        Petitioner,       )
                        )
                        )
        v.            )     Civil A. No. 3:26-1387
                        )     Judge Nora Barry Fischer
WARDEN, MOSHANNON VALLEY   )
PROCESSING CENTER, et al.,     )
                        )
        Respondents.    )

**MEMORANDUM ORDER**

Presently before the Court are Petitioner Egles Alberto Soriano Morales' Petition for Writ of Habeas Corpus, (Docket No. 1), and the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 5). Petitioner, a 30-year-old native of El Salvador, reportedly entered the United States illegally and without inspection on or about May 18, 2019. (Docket No. 1 at ¶ 1). Petitioner asserts that he has lived in Maryland since that time with his family, including his girlfriend, who is expecting, and their U.S. citizen child. (*Id*. at ¶¶ 2, 29). He has worked in construction and his criminal record is limited to traffic matters, including one DUI. (*Id*. at ¶¶ 3, 29).

Petitioner was later arrested by ICE agents on April 15, 2026 and has been detained since that time. (Docket No. 1 at ¶ 4). Petitioner maintains that he may be able to obtain legal status if his mother, who is a lawful permanent resident, files a preference-based petition on his behalf. (*Id*. at ¶¶ 32). He also plans to marry his girlfriend and if she succeeds in her own immigration case, he could benefit if she is granted legal status. (*Id*. at ¶ 32). He is currently in immigration proceedings and remains detained at Moshannon Valley Processing Center.

- 1 -

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). In opposition, Respondents contend that this is a *Hurtado* case whereby Petitioner entered the United States without inspection and was later arrested in the interior of the United States. (Docket No. 6 at 6). Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and has not been afforded a bond hearing. (*Id.*). Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits. (*Id.*).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory

---

[1]     *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]     *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. Jul. 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, 2026 WL 2198315 (7th Cir. Jul. 30, 2026).

[3]     *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 12th day of August, 2026,

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

IT IS FURTHER ORDERED that within thirty (30) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record